BLANCHE, Judge.
Andrew R. Whitener filed suit against his wife, Joyce Butler Whitener, for a separation on the grounds that she abandoned him without cause and refused to return to the matrimonial domicile. The defendant answered the suit denying the allegation of abandonment and further answered, in effect, that because she had conceived a child during the marriage and threatened a miscarriage, she went to her mother’s home where she could obtain better care. Additionally, defendant alleged that her husband required her to live with his mother and failed to support her after their marriage. The only relief requested by defendant was the dismissal of plaintiff’s suit at his costs and a judgment awarding her alimony pendente lite. The trial judge rendered judgment for plaintiff without assigning any reasons therefor and defendant has appealed. We reverse.
Our review of the record reveals that plaintiff and defendant established their matrimonial domicile at the home of plaintiff’s mother solely because of plaintiff’s financial inability to provide a domicile elsewhere. Plaintiff testified that when he and his wife were married he was unemployed and was drawing unemployment compensation and that his wife knew his mother’s home was the only place they had to live. It was his intention to move from his mother’s home after he had obtained employment.
The evidence shows that the defendant left the matrimonial domicile on one occasion and went to her uncle’s home when she became ill. Thereafter, her husband persuaded her to return but she subsequently left and went to her mother’s home. The defendant’s explanation for leaving the matrimonial domicile was that she did not want to impose upon the plaintiff’s mother and aunt and that she could get better care at her mother’s home. The plaintiff’s mother and aunt testified that they were willing and able to care for defendant during her illness and that they did not know why she left the matrimonial domicile. Other testimony by defendant that she left for reasons different from these was not corroborated by any evidence.
After defendant left the matrimonial domicile for the second time because of her illness, the record shows that plaintiff also abandoned the matrimonial domicile. Plaintiff admitted that he never asked his wife to live with him at his new domicile and, in fact, stated that he had “moved over with a lady I know.”
On the other hand, defendant testified that on one occasion she told the plaintiff she was going back to him and he stated that “he didn’t know. He had a thing going.” Her testimony in this regard was not denied.
Because the record is barren of any evidence of a “constant refusal” by the defendant to return to the matrimonial domicile to live with her husband, it is unnecessary for us to determine whether the defendant had a lawful cause to leave the matrimonial domicile.
Sciortino v. Sciortino, 188 So.2d 224 (La.App. 4th Cir.1966), states:
“Abandonment within the intendment of LSA-C.C. art. 138(5) does not exist ■merely by an act of withdrawal from the matrimonial domicile, but must be evidenced by the constant refusal to return.”[1] (Sciortino v. Sciortino, 188 So.2d 224, 227)
*925 Indeed, the plaintiff’s removal from the matrimonial domicile by moving over with another lady he knew prevented his wife from returning to the matrimonial domicile previously established by him. Therefore, as a result of plaintiff’s failure to prove a constant refusal on the part of his wife to return to the matrimonial domicile, his suit should have been dismissed by the trial judge.
For the above and foregoing reasons, the judgment of the trial court awarding unto plaintiff a separation from bed and board is reversed, and judgment is rendered herein dismissing plaintiff’s suit at plaintiff’s costs.
Reversed and rendered.

. IjSA-C.C. Art. 143:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to lire with the other, and when such *925 refusal is made to appear in the manner hereafter directed * * * ” (Emphasis supplied)
LSA-C.C. Art. 145:
“In all suits filed hereafter, whether or not there has been an answer filed, the abandonment with which the husband or wife is charged shall be proved as any other fact in a civil suit and such case shall be set and tried as any other suit.”